1983 Form

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining]

NOEL DIAZ
"unNamed Members of the class
All others similarly situated"

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title if you know it.]

Warden Bowles, Vicki Killham,
Deputy Warden Baymon, Rick Fury,
Deputy Warden Washington,
Captain Blackstock, Colleen
Gallagher, (John Doe Commissioner)

Complete every section and **SIGN THE LAST PAGE.**

*Revised 3/16/16*

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1. ____✓____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages. Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name: NOEL DIAZ
   b. Inmate Number: 426-056
   c. Correctional facility: Northern CI

2. Second Plaintiff
   a. Full Name: John Does, unnamed members of the class
   b. Inmate Number:
   c. Correctional facility: Northern CI

## C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than one person, attach additional pages. Provide items a, b, and c for each defendant.

1. First Defendant
   a. Full Name: Warden Bowles

*Revised 3/16/16*

2

    b.    Rank or Title: Warden

    c.    Workplace: Northern CI

2. Second Defendant
   a. Full Name: Vicki Killam
   b. Rank or Title: RN Medical Grievance Coordinator
   c. Workplace: Northern CI

3. Third Defendant
   a. Full Name: Deputy Warden Baymon
   b. Rank or Title: Deputy Warden
   c. Workplace: Northern CI

4. Fourth Defendant
   a. Full Name: Deputy Warden Washington
   b. Rank or Title: Deputy Warden
   c. Workplace: Northern CI

5. Fifth Defendant
   a. Full Name: Rick Furey
   b. Rank or Title: Health Service Reviewer
   c. Workplace: Northern CI

6. Sixth Defendant
   a. Full Name: Captain Blackstock
   b. Rank or Title: Captain/Unit Manager
   c. Workplace: Northern CI

## D. REASON FOR COMPLAINT

**WARNING: Contact Inmate Legal Aid Program. Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma
*Revised 3/16/16*

3

#7 Seventh Defendant
   a. Full Name: Colleen Gallagher
   B. Rank or title: Director of Health Servias
   c. Workplace: Central officer DOC

#8. Eighth Defendant
   a. Full Name: Commissioner John Doe
   B. Rank or title: Commissioner
   c. Workplace: Central office DOC

pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

1. Failure to use the prison grievance process before suing. If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim. Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint. If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Now you need to explain how your federal rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law). What you need to tell the Court is who did what, when they did it, and how you were harmed.

*Revised 3/16/16*

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.
Now describe your claims.

Statement of Case
1. On August thirty first 2020 I wrote the Medical supervisor of the Northern Correctional Institution Region making him aware that I the Plaintiff and the unnamed class were enduring a major HIPPA violation causing the actual injury claim in this case. For I the Plaintiff and the unnamed class by utilizing a voice recorder and an intercom system
2. To listen in on our medical and mental sessions as well as recording them. These devices are located in the medical screening room where private and privileged conversations are being held and the likewise privileged information is being disclosed causing the damage of and violation to the Federal Health Insurance Portability and Accountability Act which is a 4th Amendment violation because the unreasonable search that the Defendants are conducting on privileged information by listening in and recording. A case can also be made for a 14th Amendment claim for right of privacy. The Defendants
4. Have secretively been recording private information for years. I wrote the named Defendants to remove the recording box and intercom but they denied to conceal to that request I follow all administrative grievance procedures but to no avail

Due Process is Also Violated for not informing the class that our private conversation and privileged information was being listened to, recorded, and stored.

The actions caused by the Defendants and inactions to rectify these violations constitutes Actual Injury and for this the class and I the plaintiff pray for relief in Punitive Damages, Compensatory Damages, in the Defendant individual and official

5. Compensated for the sum of 100, Million Dollars to be divided between the plaintiff and the class from three years of this actions entrance to the present time and date.

6. This action is to protect the right of all similarly situated as well as the plaintiff bringing this action. Failure to give Notification of that our privileged information was being recorded and listened to is violation and once the

7. Defendants was put on notice and given an opportunity to rectify this issue but decided not to proves them deliberately indifferent as well. (see Administrative Remedies Attached.)

8.

9.

10.

If you need more space, attach additional pages, but be as brief as possible.

### E. REQUEST FOR RELIEF

Tell the court what kind of relief you want. **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must request a Writ of Habeas Corpus.

F. **DO YOU WISH TO HAVE A JURY TRIAL?   YES** ✓ **NO** ____

G. **DECLARATION UNDER PENALTY OF PERJURY**

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: _Noel Duky_

Signed at _Northern CI_ (Location) on _December 1st 2020_ (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**

H. **FINAL INSTRUCTIONS**

WARNING: Your complaint will not be filed unless you complete each of these steps:

1. Answer all questions on the complaint form.

2. Sign the Declaration under Penalty of Perjury on p. 8

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

Inmate name: NOEL DIAZ

Inmate number: 426.056

Facility/Unit: Northern CI

Housing unit: 1 West 108

Date: 9-31-2020

Submitted to: Medical Supervisor of the Region

Request: There is Major HIPPA violation currently existing continuously within this prison unit, during the normal functionality of the course of a day. In the medical screening room there is an opperatable Recording microphone and a seperate intercom system in which security personnel have been listening to priviledged conversations between Medical and Mental Health Personnel and the prisoner patient. This is an egregiously innappropriate and disgusting violation of all ethical HIPPA laws of priviledge that exist. The adveskant disregard for a right, protected, (By Law) by security personnel is one that needs immediate rectification for Department's sake and the

SEE BACKSIDE          continue on back if necessary          SEE BACKSIDE

Previous action taken:

continue on back if necessary

Acted on by (print name):

Title:

Action taken and/or response:

continue on back if necessary

Staff signature:

Date:

**CONFIDENTIAL**
(FOR OFFICIAL USE ONLY)

Inmate name: Noel Diaz
Inmate number: 426 056
Housing: 1 west 104

## SECTION 4: STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

Attached is my 9601 form never responded to. The Medical Screening Room has an recording box and an intercom that officer have been utilizing to listen in on private medical and mental health privileged conversations. If the officer in the Bubble recieve my whole conversation with the mental health and or medical through the intercom that is a direct HIPPA violation. It is inappropriate to have any listening devices and or recording devices in any room where privileged conversations are being held. My remedy resolution is remove the devices or ensure my privacy and HIPPA right dont get violated further by using a room with out these devices. All Health care providers have a duty to protect our information and HIPPA rights.

Inmate signature: Noel Diaz
Date: 9-24-2020

- For all remedies except health services, deposit this form in the **Administrative Remedies box**.
- For a health services issue, deposit this form in the **Health Services box**.

## SECTION 5: DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

Date Received: 9/25/2020
IGP #: 28894
T#:

Disposition: ~~Rejected~~ Compromised
Date of Disposition: 9/28/2020

Reason:
Mr Diaz,
   It appears that a custody grievance would be the more appropriate review for your concerns. Custody is trained on privacy issues. They are instructed not to listen or use intercom other than for emergencies. A9.01 privacy of care.

☐ You have exhausted DOC's Administrative Remedies.   ☐ This matter may be appealed to:

Signature: [signature] CHNS
Date: 9-28-20



# Appeal of Health Services Review
## Connecticut Department of Correction

CN 8901
REV
4/1/2012

Inmate name: NOEL DIAZ

Inmate number: 426-056

Facility/Unit: Northern CI

Housing unit: 1west 201

Date: 9-29-2020

This form may only be used to appeal a Health Services decision pursuant to the provisions of Administrative Directive 8.9, Health Services Review, Section 11, pertaining to a practice, procedure or policy; or, to an allegation of staff misconduct. You must appeal within 10 days of receiving the decision. Attach Form CN 9602, Inmate Administrative Remedy Form, containing the Health Services decision (and any other documents that may be relevant) to this form, and state below why you are appealing that decision. Deposit the completed appeal and attachments in the 'Health Services' box.

### APPEAL OF HEALTH SERVICES DECISION

I am appealing the decision because (use the back if necessary): It is Medical's sworn obligation to protect my medical information and all my HIPPA Rights according to the law. Yet your response to me was that it is a custody issue. NO, it's a medical, custody will not be able to know all that is protected by HIPPA, medical does, and it is your duty to inform custody that my Rights

Inmate signature: Noel Diaz

Date: 9-29-2020

### FOR OFFICIAL USE ONLY – DESIGNATED FACILITY HEALTH SERVICES SUPERVISOR

Date received:

Disposition:

Date of disposition:

Reasons:

Designated Facility Health Services Supervisors signature:

Date:

☐ This may be appealed within 10 days to the DOC Director of Health Services.
☐ You have exhausted the Department's Administrative Remedies. Further appeals will not be answered.

### APPEAL OF DESIGNATED FACILITY HEALTH SERVICES SUPERVISOR'S DECISION

I am appealing the decision because (use the back if necessary):

Inmate signature:

Date:

*** Deposit your appeal in the Health Services Box ***

### FOR OFFICIAL USE ONLY – DOC DIRECTOR OF HEALTH Services

Date received:

Disposition:

Date of disposition:

Reasons:

Director of Health and Addiction Services:

Date:



# Appeal of Health Services Review
## Connecticut Department of Correction

CN 8901
REV
4/1/2012

Inmate name: NOEL DIAZ   Inmate number: 426-056

Facility/Unit: Northern CI   Housing unit: 1 West 108   Date: 11-13-2020

This form may only be used to appeal a Health Services decision pursuant to the provisions of Administrative Directive 8.9, Health Services Review, Section 11, pertaining to a practice, procedure or policy; or, to an allegation of staff misconduct. You must appeal within 10 days of receiving the decision. Attach Form CN 9602, Inmate Administrative Remedy Form, containing the Health Services decision (and any other documents that may be relevant) to this form, and state below why you are appealing that decision. Deposit the completed appeal and attachments in the 'Health Services' box.

### APPEAL OF HEALTH SERVICES DECISION

I am appealing the decision because (use the back if necessary):

Inmate signature:   Date:

### FOR OFFICIAL USE ONLY – DESIGNATED FACILITY HEALTH SERVICES SUPERVISOR

Date received:   Disposition:   Date of disposition:

Reasons:

Designated Facility Health Services Supervisors signature:   Date:

☐ This may be appealed within 10 days to the DOC Director of Health Services.
☐ You have exhausted the Department's Administrative Remedies. Further appeals will not be answered.

### APPEAL OF DESIGNATED FACILITY HEALTH SERVICES SUPERVISOR'S DECISION

I am appealing the decision because (use the back if necessary): Today I Recieved A late response dated 10-28-2020 But Nevertheless I am Appealing Because it is Medical personel sworn Duty to protect my HIPPA Rights, and The intercom and Recorder needs to Be Removed I wrote the warden But to no Avail on the response.

Inmate signature: Noel   Date: 11-13-2020

*** Deposit your appeal in the Health Services Box ***

### FOR OFFICIAL USE ONLY – DOC DIRECTOR OF HEALTH Services

Date received:   Disposition:   Date of disposition:

Reasons:

Director of Health and Addiction Services:   Date:

# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

Name: NOEL DIAZ

Inmate number: 426 056

Facility/Unit: Northern CI

Housing unit: 1 West 109

Date: 11-19-2020

Submitted to: Warden Bowles / Deputy Warden Washington

Request: The HIPPA violation that acured the 5 months that I was here before is still happening. I grieved it through medical and they referred me to you. The audio recorder and intercome BX needs to be removed from the medical security room where our private information is be disclosed. That is a major HIPPA violation the officer buzzed in my private conversation so it was listened in.

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name):                          Title:

Action taken and/or response:

continue on back if necessary

Staff signature:                                   Date:



# Appeal of Health Services Review
## Connecticut Department of Correction

CN 8901
REV 4/1/2012

OCT 26 2020

Inmate name: NOEL DIAZ
Inmate number: 426-056
Facility/Unit: Northern CI
Housing unit: 1west 201
Date: 9-29-2020

This form may only be used to appeal a Health Services decision pursuant to the provisions of Administrative Directive 8.9, Health Services Review, Section 11, pertaining to a practice, procedure or policy; or, to an allegation of staff misconduct. You must appeal within 10 days of receiving the decision. Attach Form CN 9602, Inmate Administrative Remedy Form, containing the Health Services decision (and any other documents that may be relevant) to this form, and state below why you are appealing that decision. Deposit the completed appeal and attachments in the 'Health Services' box.

### APPEAL OF HEALTH SERVICES DECISION

I am appealing the decision because (use the back if necessary): It is Medical's sworn obligation to protect my medical information and all my HIPPA Rights according to the law. yet your response to me was that it is a custody issue. No, it's a medical, custody will not be able to know all that is protected by HIPPA medical does and that is your duty to inform custody that my Rights

Inmate signature: Noel Diaz
Date: 9-29-2020

### FOR OFFICIAL USE ONLY – DESIGNATED FACILITY HEALTH SERVICES SUPERVISOR

Date received: 10-28-20
Disposition: Denied
Date of disposition: 10-28-20

Reasons: Safety and security override any concern here. The fact that this equipment exists does not mean that it is in fact being used to listen in on you. The equipment will not be removed.

Designated Facility Health Services Supervisors signature: [signature]
Date: 10-28-20

☑ This may be appealed within 10 days to the DOC Director of Health Services.
☐ You have exhausted the Department's Administrative Remedies. Further appeals will not be answered.

### APPEAL OF DESIGNATED FACILITY HEALTH SERVICES SUPERVISOR'S DECISION

I am appealing the decision because (use the back if necessary):

Inmate signature:
Date:

*** Deposit your appeal in the Health Services Box ***

### FOR OFFICIAL USE ONLY – DOC DIRECTOR OF HEALTH Services

Date received:
Disposition:
Date of disposition:

Reasons:

Director of Health and Addiction Services:
Date: